UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AKOSUA BOAFOA KORAM         ) | CASE NO. 3:23-cv-00729 (KAD) |
| *Plaintiff*,         ) | |
|                                       ) | |
| v.                                    ) | |
|                                       ) | |
| CONNECTICUT DEPARTMENT OF ) | JULY 20, 2023 |
| CORRECTIONS et al.         ) | |
| *Defendants*. | |

## INITIAL REVIEW ORDER

Kari A. Dooley, United States District Judge:

Plaintiff, an inmate at the York Correctional Institution ("York CI"), asserts claims under 42 U.S.C. § 1983 for damages and injunctive relief against the Connecticut Department of Correction ("DOC"), Commissioner Quiros, Warden Sexton, Captain Fitzgerald, and Dr. Crabbe. Plaintiff's complaint asserts constitutional deprivations based on her inability to attend religious services, her classification and special needs placement, deliberate indifference to her medical needs, and excessive force arising out the use of a chemical agent. As publicly available information on the DOC website shows that Plaintiff is an unsentenced inmate, her deliberate indifference to medical needs, conditions of confinement, and excessive force claims are considered under the Fourteenth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29–35 (2d Cir. 2017); *Charles v. Orange Cnty.*, 925 F.3d 73, 85 (2d Cir. 2019).

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss the complaint, or any portion of the complaint" that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner

Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory). Having conducted a review of the Plaintiff's claims, the Court determines that only some have been plausibly alleged.

Preliminarily, the Court observes that a plaintiff seeking damages from a defendant must allege facts that establish the personal involvement of that defendant in the alleged constitutional violations. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."); *Tangreti v. Bachmann*, 983 F.3d 609, 618–19 (2d Cir. 2020) (noting that a plaintiff must plead and prove "that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Here, Plaintiff's complaint only alleges conduct by two named defendants: (1) Officer Fitzgerald who allegedly exposed her to a chemical agent; and (2) Warden Sexton who was allegedly involved in the deprivations based on religion, education, and special needs placement. Plaintiff does not otherwise mention the other named defendants in the body of the Complaint. Thus, all claims against Defendants Quiros and Crabbe are DISMISSED because the Complaint's factual allegations establish no connection between these Defendants and any constitutional violation. *See Smith v. Perez*, No. 3:19-CV-1758 (VAB), 2020 WL 2307643, at *5 (D. Conn. May 8, 2020) (dismissing individual and official capacity claims where the plaintiff failed to allege facts regarding the acts or omissions of the defendants); *see also Walker v. Pastoressa*, No. 22-cv-00997 (HG) (LGD), 2022 WL 3716742, at *5 (E.D.N.Y. Aug. 29, 2022) ("While Plaintiff may include exhibits in support of his claims, he cannot rely on exhibits to fulfill his obligation to provide a short and plain statement of his claims that complies with Rule 8.").

**Fourteenth Amendment Excessive Force – Captain Fitzgerald**

For an excessive force claim under the Fourteenth Amendment, Plaintiff "must show . . . that the force purposely or knowingly used against [Plaintiff] was objectively unreasonable." *Fletcher v. City of New London*, No. 3:16-CV-241 (MPS), 2018 WL 4604306, at *10 (D. Conn. Sept. 25, 2018). For pleading purposes, Plaintiff's allegation that Captain Fitzgerald injured her eyes with a chemical agent in response to Plaintiff filing a medical grievance is sufficient to state a Fourteenth Amendment excessive force claim. Accordingly, Plaintiff may proceed against on an individual claim for damages against Officer Fitzgerald.

**First Amendment Retaliation – Captain Fitzgerald**

For a First Amendment retaliation claim, Plaintiff must allege "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Burns v. Martuscello*, 890 F.3d 77, 84 (2d Cir. 2018) (quotations omitted). At this initial stage, the Court will permit Plaintiff to proceed on a First Amendment retaliation individual capacity claim for damages against Captain Fitzgerald for allegedly spraying Plaintiff with the chemical agent in retaliation for her filing of a prior medical grievance.

**Fourteenth Amendment Procedural Due Process – Warden Sexton**

Plaintiff complains that Warden Sexton placed her on special needs status in September 2022 despite the lack of any "incidents" to warrant this placement. Procedural due process requires that prison officials use fair procedures before engaging in any deprivation of a liberty interest. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam). For an administrative decision, due process requires that Plaintiff receive some notice of the basis for the restrictive confinement and an opportunity to present her views. *Banks v. Michaud*, No. 3:20-CV-00326 (JAM), 2020 WL

7188476, at *4 (D. Conn. Dec. 7, 2020) ("For administrative segregation . . . a prisoner must merely receive some notice of the basis for restrictive terms of confinement and an opportunity to present [the prisoner's] views."); see Hewitt v. Helms, 459 U.S. 460, 476 (1983). Plaintiff does not allege facts describing how her procedural due process rights were violated. As presently alleged, the complaint suggests only that Plaintiff disagrees that there was a need to be placed on special needs status in September 2022. Accordingly, her procedural due process claim is not adequately alleged.

**Educational Deprivation**

Plaintiff complains that her special needs status denies her access to prison education programs, but "prisoners generally do not have a protected liberty interest in classifications that impact their eligibility to participate in rehabilitative programs," and "Connecticut has not granted inmates, by regulation or statute, a protected interest in their security classification," because "the matter is committed to the discretion of the Commissioner of Corrections." Taylor v. Levesque, 246 F. App'x 772, 774 (2d Cir. 2007); see also Green v. Martin, 224 F. Supp. 3d 154, 177 (D. Conn. 2016) ("[P]risoners have no constitutional rights to a particular security classification."). Accordingly, Plaintiff has not alleged a plausible Fourteenth Amendment claim based on any educational deprivation.

**Religious Deprivation – Warden Sexton**

To state a First Amendment free exercise claim, an inmate must allege "that the disputed conduct substantially burden[ed Plaintiff's] sincerely held religious beliefs." Salahuddin v. Goord, 467 F.3d 263, 274–75 (2d Cir. 2006). Plaintiff does not identify the religion or faith that she practices or follows; nor does she allege that she sincerely holds any religious beliefs. Accordingly, Plaintiff has not alleged a plausible First Amendment claim against Warden Sexton. Plaintiff's

4

complaint may be construed as asserting a claim for injunctive relief under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, but to state a claim under RLUIPA, a plaintiff must also "demonstrate that the state has imposed a substantial burden on the exercise of his [or her] religion." *Redd v. Wright*, 597 F.3d 532, 536 (2d Cir. 2010). As the Court cannot discern from the Complaint's allegations whether Plaintiff was subjected to a substantial burden, Plaintiff has not alleged a plausible claim under RLUIPA.

**Injunctive Relief**

Plaintiff's official capacity claims for injunctive relief against Officer Fitzgerald are DISMISSED because she does not allege an ongoing violation of federal law by Captain Fitzgerald. *See In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 371 (2d Cir. 2005). Finally, any claim brought under 42 U.S.C. § 1983 against the Connecticut DOC is DISMISSED because state agencies and entities are not subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").

**The Court enters the following orders:**

(1) Plaintiff may proceed on her individual capacity claims for damages based on Fourteenth Amendment excessive force and First Amendment retaliation against Captain Fitzgerald.

All other claims, including official capacity claims, are DISMISSED. The Clerk is instructed to terminate as Defendants the Connecticut Department of Corrections, Angel Quiros, Warden Sexton, and Dr. Crabbe. If Plaintiff believes she can cure the deficiencies identified in this Order, or if the discovery reveals additional information, she may move to amend her complaint to re-assert her dismissed claims.

(2) The Clerk shall verify the current work address for Defendant Captain Fitzgerald with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the Complaint to Defendant at the confirmed address by **July 27, 2023** and report on the status of the waiver request on the thirty-fifth (35th) day after mailing. If Defendant Fitzgerald fails to return the waiver request, the Clerk shall arrange for in-person individual capacity service by the U.S. Marshals Service on Defendant, and Defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The Clerk shall mail a courtesy copy of the Complaint and this Order to the DOC Office of Legal Affairs and the Office of the Attorney General.

(4) Defendant shall file a response to the Complaint, either an answer or motion to dismiss, within sixty (60) days from the date the notice of lawsuit and waiver of service of summons forms are mailed to him. If Defendant chooses to file an answer, Defendant shall admit or deny the allegations and respond to the cognizable claims recited above. A Defendant may also include any additional defenses permitted by the Federal Rules.

(5) Discovery, according to Federal Rules of Civil Procedure 26–37, shall be completed by **February 20, 2024**.

(6) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court.

(6) All motions for summary judgment shall be filed by **March 20, 2024**.

(7) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) If Plaintiff changes her address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that Plaintiff MUST notify the Court. **Failure to do so may result in the dismissal of the case.** Plaintiff must give notice of a new address even if she is incarcerated. Plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, she should indicate all the case numbers in the notification of change of address. She should also notify the Defendant or defense counsel of any new address.

(9) Plaintiff shall utilize the Prisoner E-filing Program when filing documents with the Court. Plaintiff is advised that the Program may be used only to file documents with the Court. Discovery requests shall not be filed with the Court, see D. Conn. L. Civ. R. 5(f), and must be served on Defendant's counsel by regular mail.

**SO ORDERED** at Bridgeport, Connecticut, this 20th day of July 2023.

                                           */s/ Kari A. Dooley*
                                           KARI A. DOOLEY
                                           UNITED STATES DISTRICT JUDGE